No. 6,998.—Department Two.]
May 30, 1882.

<table>
<tr><td>60</td><td>551</td></tr>
<tr><td>80</td><td>12</td></tr>
<tr><td>60</td><td>551</td></tr>
<tr><td>116</td><td>611</td></tr>
<tr><td>60</td><td>551</td></tr>
<tr><td>135</td><td>215</td></tr>
</table>

## J. S. DYER v. AMMERILLA PARROTT ET AL.

STREET ASSESSMENT—DIAGRAM—STREET CROSSING—APPEAL TO BOARD OF SUPERVISORS.—In an action to foreclose a lien for a street assessment, it appeared that the only objection to the assessment was purely technical, and that it did not and could not affect any substantial right or interest of the defendant.

*Held:* By neglecting to appeal to the Board of Supervisors, the defendant waived the objection.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Twenty-third District Court of the City and County of San Francisco. THORNTON, J.

The defendant's lot is numbered 11 on the diagram attached

The Court found with reference to the assessment and diagram as follows:

On the fourth day of December, 1875, was made a pretended assessment of the total amount of expense of said work necessary to be assessed to cover the sum due for said work and the incidental expenses thereof, upon the lots and lands fronting on said portion of Greenwich street whereon said work was done, but did pretend to assess the expense of so much of said work as was done on the said main street-crossings upon the lots and lands included within the four quarter blocks adjoining and cornering on said crossing respectively, except as to the middle fifty-vara lots in the blocks between Laguna and Fillmore streets, and each lot, and each part of lot, excepting said middle lots, was thereby separately assessed in proportion to its frontage on said streets, at rates per front foot, which rates were sufficient to cover the total expense of such work; and said assessment was signed by said Superintendent, and had attached thereto a diagram exhibiting each street and street-crossing, lane, alley, place, or court on which said work was done, and showing the relative location of each distinct lot, and portion of a lot, to the work done, and numbered to correspond with the numbers in said assessment, and also showing the number of feet fronting on said streets, and assessed for said work contracted for and performed, and to which assessment was attached the warrant issued in said case, and hereinafter described, which assessment, diagram, and warrant are hereto annexed and made a part hereof, and marked "Exhibit A;" that there was no diagram attached to said assessment, showing the lots included within the four quarter blocks adjoining and cornering on several crossings, and so pretended to be assessed, on which said lots the expense of work should have been assessed.

The following is a copy of the diagram referred to:

*J. M. Wood,* for Appellant.

The Court found a judgment for the defendants, because of an alleged defect in the diagram, which we claim that such error or omission did not prejudice the defendants, whose lot was properly assessed, and which was entirely included in one quarter block. That the amount of the assessment was neither increased nor lessened, nor anywise altered, by reason of the alleged defect in the diagram. We claim also that their only remedy was by appeal to the Board of Supervisors, had defendants needed any remedy. (*Dorland* v. *McGlynn,* 47 Cal. 50.)

Not having appealed to the Board of Supervisors, the defendants must be held to have waived any objection to the diagram which they might have had. (*Chambers* v. *Satterlee,* 40 Cal. 519; *Creighton* v. *Pragg,* 21 id. 120; *Conlin* v. *Seaman,* 22 id. 548; *Emery* v. *Bradford,* 29 id. 85–87; *Taylor* v. *Palmer,* 31 id. 256; *Beaudry* v. *Valdez,* 32 id. 278; *Nolan* v. *Reese,* id. 487; *Shepard* v. *McNeil,* 38 id. 74; *Barber* v. *San Francisco,* 42 id. 633; *Himmelmann* v. *Hoadley,* 44 id. 279; *Oakland Pav. Co.* v. *Rier,* 52 id. 276, 277.)

*Sawyer & Ball* and *E. F. Preston,* for Respondent.

The law requires the expenses of work done on main street crossings to be assessed upon the four quarter blocks adjoining and cornering on the crossings. (Stat. 1871–72, p. 810, Subd. 3.) Also that an assessment shall be made by the Superintendent of Public Streets, Highways and Squares to cover the sum due for the work performed, including incidental expenses, and that he shall attach thereto a diagram exhibiting each street, or street-crossing, lane, alley, place, or court, on which any work has been done, and showing the relative location of each distinct lot, or portion of lot, to the work done, numbered to correspond with the numbers in the assessment, and showing the number of feet frontage assessed for said work. (Stat. 1871–72, p. 813.) There is no diagram attached to the assessment, showing the lots included within the four quarter blocks adjoining and cornering on said several crossings on which said lots the expense of work should have been assessed. This rendered the entire assessment null and void.

The remedy is not by appeal, because when the assessment is void on its face the property owner is not called upon to appeal. (*Himmelmann* v. *Bateman,* 50 Cal. 11 ; *People* v. *Quackenbush,* 53 id. 52 ; *Himmelmann* v. *Cahn,* 49 id. 285 ; *Gately* v. *Bateman,* 7 Pac. C. L. J. 364.) The appellant says that respondent cannot complain, because the assessment against lot No. 11 has not been effected. But the assessment cannot be partly void and partly valid—it is either void or valid, as a whole. (*People* v. *Holladay,* 25 Cal. 300 ; *People* v. *Lynch,* 51 id. 19 ; *Whiting* v. *Quackenbush,* 54 id. 306 ; *Schumacker* v. *Toberman,* 56 id. 508.)

The COURT:

The objection to the assessment in this case is purely technical. It is not claimed that the omission complained of affected, or could affect, any substantial right or interest of the defendant. The error is one which might have been easily remedied by an appeal to the Board of Supervisors. But no appeal was taken to that Board. If an appeal had been taken and determined, the determination would be final and conclusive upon all parties entitled to appeal. (Stat. 1871–72, p. 815, § 12.)

We think that by neglecting to appeal the defendant waived the objection which he now raises to the assessment, and that the judgment and order of the Court below should be reversed.

Judgment and order denying a new trial reversed.