[No. 14086. Department One. — February 4, 1892.]

E. FANNING, RESPONDENT, v. WILLIAM LEVISTON ET AL., APPELLANTS.

STREET ASSESSMENT — RECOMMENDATION OF WORK BY STREET SUPERIN-TENDENT — EVIDENCE. — The warrant, assessment, and diagram which are made by section 12 of the act of April 1, 1872, *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent, etc., are *prima facie* evidence that there was a recommendation of the street superintendent to the board of supervisors that the work should be done.

ID. — IMPROPER GRADING OF STREET — WORK NOT AUTHORIZED — APPEAL TO SUPERVISORS. — An objection that the street was not properly graded, or that the assessment and demand included a charge for work not authorized to be done under the contract, can only be taken on appeal to the board of supervisors.

ID. — TAXATION OF COSTS — CONFLICTING AFFIDAVITS — KNOWLEDGE OF COURT. — Where the affidavits relating to the taxation of costs are conflicting, and some of the items relate to facts of which the court has actual knowledge, its ruling will not be disturbed.

ID. — PERCENTAGE. — The act of February 9, 1866, allowing the prevailing party five per cent on the amount recovered is still in force, and is applicable to actions to enforce a street assessment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William Leviston*, for Appellants.

*J. M. Wood*, and *J. C. Bates*, for Respondent.

PATERSON, J. — This is an action on an assessment for street-work in the city and county of San Francisco, done under the act of April 1, 1872.

Appellant relies for a reversal upon three grounds: 1. That there was no recommendation by the street superintendent, and therefore no jurisdiction in the board of supervisors to order the work done; 2. That the contractor did not grade the street to the official grade; 3. That the assessment and demand included a charge for work not authorized to be done.

It cannot be said there was no evidence that the work had been recommended by the superintendent of streets. Section 12 of the act provides that the warrant, assessment, and diagram shall be held *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent, and of the regularity of all the acts and proceedings of the board of supervisors upon which the warrant, assessment, and diagram are based. In *Jennings* v. *Le Roy*, 63 Cal. 401, it was held that this provision was not confined in its operation to the proceedings mentioned in section 12, but was applicable in actions of this kind to establish *prima facie* the facts that the resolution ordering the work had been published after its introduction and before final action thereon; that notice of the nature and character of the work to be done, with specifications, was posted in the office of the superintendent of streets; and that notice of the award was published. We see no reason why it should not be considered as of the same effect with respect to any other proceeding upon which the assessment, warrant, and diagram are based. If the provision of the section referred to above is not confined in its operation to appeals to the board of supervisors, but is to be observed as a rule of evidence in actions on the assessment, we think it is clearly applicable to establish *prima facie* any fact relating to the acts of the board of supervisors and superintendent of streets, whether the same be jurisdictional or not. The language of the provision is broad enough to cover every-

thing: "Shall be *prima facie* evidence of the regularity and correctness of the assessment, and of the *prior proceedings and acts* of the said superintendent of public streets, highways, and squares, and of the regularity of all the acts and proceedings of the board of supervisors upon which said warrant, assessment, and diagram are based." In the case at bar, one of the acts upon which the warrant, assessment, and diagram were based was the recommendation of the superintendent of streets. The court below found that Vallejo Street had been graded for a distance of two blocks on each side of the block between Montgomery and Kearney, — the block on which the work was done, — and that on October 9, 1876, the superintendent of public streets had recommended to the board of supervisors that the work of grading said block should be done. Conceding that the evidence is conflicting, the finding cannot be disturbed.

The objection that the street was not properly graded is one which should have been taken on an appeal to the board of supervisors. (*Emery* v. *Bradford*, 29 Cal. 85; *Shepard* v. *McNeil*, 38 Cal. 75; *Chambers* v. *Satterlee*, 40 Cal. 497; *Boyle* v. *Hitchcock*, 66 Cal. 129.) And the same may be said of the contention that the assessment and demand included a charge for work not authorized to be done under the contract. (*Himmelmann* v. *Hoadley*, 44 Cal. 279; *Boyle* v. *Hitchcock*, 66 Cal. 129.)

We are unable to see that the court erred in its ruling upon the motion to tax the costs. Some of the items referred to matters of which the court had actual knowledge, and as the affidavits were conflicting, its ruling should not be disturbed. The act of February 9, 1866 (Stats. 1866, p. 66), allowing the prevailing party five per cent on the amount recovered, is still in force (*Whitaker* v. *Haynes*, 49 Cal. 596), and, we think, is applicable to cases of this kind.

The judgment and the orders appealed from are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.