[Sac. No. 197. Department Two.—April 28, 1897.]

R. D. GIRVIN, ET AL., APPELLANTS, *v.* J. SIMON, RESPONDENT.

STREET ASSESSMENT—LETTING OF CONTRACT—REJECTION OF LOWEST BID —POWER OF CITY COUNCIL—CONCLUSIVENESS OF DETERMINATION.— Under section 5 of the street improvement act, as amended in 1891, it is in the power of the city council to reject any and all proposals for a street improvement, when deemed for the public good, and also the bid of any party who has been delinquent and unfaithful in any former contract with the municipality, and may award the contract therefor to the lowest responsible bidder, rejecting a lower bid from one found to have been thus delinquent and unfaithful; and its determination as to the facts is as conclusive as the verdict of a jury or the finding of a court upon facts within its jurisdiction.

ID.—PERFORMANCE OF WORK — ACCEPTANCE BY STREET SUPERINTENDENT —APPEAL OF PROPERTY OWNER—ESTOPPEL—EVIDENCE.—Where the work done under the contract for a street improvement has been accepted by the street superintendent, the property-owner, if aggrieved, must appeal to the city council, and if he fails to do so, he is estopped from claiming in an action upon a street assessment that the work was not properly performed according to the contract, and evidence is not admissible in such action to show that it was not performed as by the contract required.

ID.—VALIDITY OF CONTRACT—FINDING—PRESUMPTION.—Where the contract is not set out in the record, and the court has found that it was entered into, it will be presumed to be valid in the absence of a showing to the contrary.

ID.— SPECIFICATIONS MADE PART OF CONTRACT — DEFECTIVE COMPLAINT CURED BY ANSWER.—Where a complaint upon a street assessment is defective, in not setting out the specifications which formed an important part of the contract alleged, and in only referring to them in a general way, and no demurrer is interposed thereto, the defect is cured by an answer which sets out the specifications, and avers that they are the specifications referred to in the complaint.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. ANSEL SMITH, Judge.

The facts are stated in the opinion.

*James A. Louttit,* for Appellants.

The failure of an owner to appeal to the board of supervisors from the decision of the superintendent of public streets that the contractor had fulfilled his con-

tract, is conclusive against the right of the property holder to be heard in court on objection to such decision, and he will not be permitted to attack the correctness of the same. (*Emery* v. *Bradford*, 29 Cal. 75; *Shepard* v. *McNeil*, 38 Cal. 74–75; *Chambers* v. *Satterlee*, 40 Cal. 498; *Jennings* v. *Le Breton*, 80 Cal. 8; *Spaulding* v. *North etc. Homestead Assn.*, 87 Cal. 40; *McVerry* v. *Boyd*, 89 Cal. 304; *Buckman* v. *Landers*, 111 Cal. 347.) The find-ing of the council that McCarty was delinquent and un-faithful in a former contract with the city was a finding upon a question of fact, and the determination of the council is conclusive. (*Truckee etc. R. R. Co.* v. *Camp-bell*, 44 Cal. 89. See, also, *Leese* v. *Clark*, 20 Cal. 387; *Bonds* v. *Hickman*, 29 Cal. 460; *Bernal* v. *Lynch*, 36 Cal. 135; *Durfee* v. *Plaisted*, 38 Cal. 80; Angell and Ames on Corporations, sec. 636; *Fall* v. *Paine*, 23 Cal. 303; *Waugh* v. *Chauncey*, 13 Cal. 11; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742; Freeman on Judgments, secs. 523, 539; *People* v. *Hagar*, 52 Cal. 182.) The method pro-vided by section 3 of the Vrooman act for reviewing the acts of the council is exclusive. (*Nolan* v. *Reese*, 32 Cal. 487; *Himmelmann* v. *Hoadley*, 44 Cal. 213; *Spaulding* v. *Homestead Assn., supra; People* v. *Hagar, supra.*) The order or decision of the council cannot be attacked col-latterally for mere errors or irregularities. (*Chambers* v. *Satterlee, supra.*) Respondent cannot in this action show that the work was not done in accordance with the specifications, or that the contractor was guilty of fraud. The decision or judgment of the street department in this case is not only conclusive upon the respondent, but also is the only evidence which these plaintiffs need to introduce in this case on this point. (*Mar-quez* v. *Frisbie*, 101 U. S. 473; *Green* v. *Hayes*, 70 Cal. 281; *Porter* v. *Bishop*, 25 Fla. 749; *Quinby* v. *Con-lan*, 104 U. S. 420; *St. Louis Smelting Co.* v. *Kemp*, 104 U. S. 636.) This respondent did not appeal to the city council, and never filed any remonstrance, or availed himself of the opportunity afforded him under the act to be heard in court, and whether there was fraud or

not, he is concluded from saying that the work was not performed in accordance with the specifications, or that the contractor was guilty of fraud in connection with said work. (*Himmelmann* v. *Hoadley, supra.*)

*James H. Budd,* and *John E. Budd,* for Respondent.

The council had no authority to award the contract except to a responsible bidder, who made the lowest regular proposal or bid for the work, and as the statute is mandatory the action of the council in awarding the contract to Owens is void. (Cooley on Taxation, 283; *Brady* v. *Bartlett,* 56 Cal. 367; *In re Emigrant etc. Sav. Bank,* 75 N. Y. 388; *French* v. *Edwards,* 13 Wall. 506; *Brock* v. *Luning,* 89 Cal. 320; *Perine* v. *Forbush,* 97 Cal. 305; *Brown* v. *Jenks,* 98 Cal. 10.) As the council did not award the contract to the lowest responsible bidder, its action, and the assessment based thereon, were void, and the failure to appeal did not validate such void action or assessment. (*Capron* v. *Hitchcock,* 98 Cal. 428; *Manning* v. *Den,* 90 Cal. 616.) The contract for the work was invalid because of the omissions therein of matters essential to make it a valid contract under the statute, and because there is no allegation in the complaint that such contract contained such essential matters. (*Libbey* v. *Elsworth,* 97 Cal. 318.) The proceedings upon which an assessment for street work is based being *in invitum,* must be strictly pursued in strict compliance with the law under which they are taken. (*Brock* v. *Luning, supra.*)

SEARLS, C.—This is an action to foreclose the lien of a street assessment, levied by virtue of a contract for grading and paving in part with basalt and in part with bitumen and for curbing Channel street, in the city of Stockton, from the east line of Hunter street to the west line of California street, etc.

The contract was let by the street superintendent of the city of Stockton on the twelfth day of September, 1892, to one F. J. Owens, who thereafter and on the

twenty-second day of September, 1892, assigned to the plaintiffs and appellants herein, by whom the work was performed.

The cause was tried by the court without a jury, and upon the written findings judgment was entered in favor of defendant for his costs. The appeal is from the final judgment and from an order denying plaintiff's motion for a new trial.

There are two prominent questions involved in the appeal. The first relates to the validity of the action of the city council in awarding the contract to F. J. Owens; and the second, whether, conceding the work was not performed in accordance with the specifications of the contract, defendant is in a condition to take advantage thereof.

The facts upon which the first question turns are as follows: After taking the usual steps for the improvement, and advertising for bids to do the work in regular form, one McCarty bid for the work at twelve thousand and thirty-eight dollars and fifty-nine cents, and accompanied his bid by a good and sufficient bond as by statute required.

One F. J. Owens made a like bid to do the work for twelve thousand and forty-nine dollars and fifty-five cents, accompanying his bid with a bond, etc.

The city council met on the twenty-second day of August, 1892, opened and examined the proposals for doing the work, and thereupon passed a resolution reciting that a former contract for street work had on July 29, 1892, been awarded to McCarty, and that he had failed and refused to enter into a contract to perform the work so awarded to him, wherefore it was resolved that the bond filed by him as security for the former work be declared forfeited, "and said McCarty is hereby declared delinquent and unfaithful within the meaning of the law, inasmuch as he has failed and refused to make and enter into the contract herein above mentioned." Thereupon the council rejected the bid of Mc-

Carty for the reasons assigned in the resolution and awarded the contract for the work to said F. J. Owens.

These proceedings are under the act of 1885, usually termed the Vrooman Act, with the amendments thereto of 1889 and 1891. Section 5 of the act as amended in 1891 (Stats. 1891, p. 199), among other things, provides as follows: "The city council may reject any and all proposals or bids, should it deem this for the public good, and also the bid of any party who has been delinquent and unfaithful in any former contract with the municipality, and shall reject all proposals or bids other than the lowest regular proposal or bid of any responsible bidder, and may award the contract for said work or improvements to the lowest responsible bidder," etc.

It will be observed from the foregoing quotation that power is given to the city council: 1. To reject all bids if it shall deem it for the public good; 2. To reject the bid of any party who has been delinquent and unfaithful in any former contract; and 3. To reject all bids other than the lowest *responsible* bidder.

Manifestly, under these provisions, power is conferred upon the council to determine what is for the best interests of the public; who have shown themselves delinquent and unfaithful, and who are *responsible* bidders.

These are facts to be passed upon by the council, and its determination once reached is as conclusive as the verdict of a jury or the finding of a court upon facts within its jurisdiction. That is to say, the propriety of the action can only be inquired into by such method as the law provides.

The council, by its formal resolution, declared Mc-Carty *delinquent* and *unfaithful* within the meaning of the statute, and hence rejected his bid, as it had a right to do, notwithstanding it was some ten or eleven dollars lower than that of F. J. Owens, to whom the contract was awarded. As the council had jurisdiction to hear

and determine the matter, there was no error in its determination.

2. As to the right of the defendant to object in this action that the work was not properly performed.

The court permitted defendant, against the objection of plaintiff, to introduce evidence tending to show that the concrete was not sufficient in quantity or equal in quality to the requirements of the specifications; that the curbing was not properly dressed, etc., etc. There was a sharp conflict in the evidence on these questions; but the court found in favor of defendant, and that the contract was not complied with on the part of plaintiffs.

The work was accepted and approved by the street superintendent. All the several steps provided by statute were regularly taken, and in due time an assessment to pay for the work was duly levied, a warrant duly issued, a demand for payment duly made, etc. In short, no irregularity is found or complained of except in the manner of the performance of the contract.

Defendant did not make any objection to any act or determination of the street superintendent, or of the city council, and did not appeal to the city council within thirty days after the date thereof, or at any time, in writing or otherwise, and has never filed any protest. Section 11 of the street law of 1885 (Stats. 1885, p. 156) is in part as follows: "The owner, whether named in the assessment or not, the contractor, or his assigns, and all other persons directly interested in any work provided for in this act, or in the assessment, feeling aggrieved by any act or determination of the superintendent of streets in relation thereto, or who claim that the work has not been performed according to the contract in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment or other act, determination, or proceeding of the superintendent of streets, shall, within thirty days after the date of the warrant, appeal to the city council."

CXVI. CAL. —39

The section then provides for a hearing before the council and gives that body full authority to correct all irregularities and errors, enumerating many of them, and, among other things, the council may "require the work to be completed according to the directions of the city council," etc.

The section makes the decision of the council final and conclusive upon all persons entitled to appeal, as to all errors and irregularities which the council might have remedied and avoided.

It further provides that no assessment shall be held invalid, except upon appeal to the city council as provided in the section, for errors or informalities or other defects in any of the proceedings prior to the assessment, or in the assessment itself, in cases where notice of intention to order the work done has been duly published as by law required before the passage of the resolution ordering the work to be done.

In *Manning* v. *Den*, 90 Cal. 610, it was held that the property owner did not, by failing to appeal to the council, lose his right to resist the payment of an assessment when there had been a failure to perform any one of the jurisdictional prerequisites in the manner provided for by the statute. Harrison, J., speaking for the court, said: "The provision in the latter part of section 11, that 'no assessment shall be held invalid except upon appeal to the city council,' etc., has no application to a case in which an appeal is not authorized, or in which, even if taken, the city council could not have remedied the defect."

A void contract does not become valid by failure to appeal to the board of supervisors. (*Burke* v. *Turney*, 54 Cal. 486; *Capron* v. *Hitchcock*, 98 Cal. 430; *Brock* v. *Luning*, 89 Cal. 316.)

But as to all matters which may lawfully be corrected on appeal to the city council or other governing body of the municipality, and for which an appeal is provided by the statute, the property owner deeming himself aggrieved must prosecute his appeal, failing in

which he is estopped. (*McVerry* v. *Boyd*, 89 Cal. 304; *Dyer* v. *Parrott*, 60 Cal. 551; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *Dorland* v. *McGlynn*, 47 Cal. 47; *Lent* v. *Tillson*, 72 Cal. 404; *Frick* v. *Morford*, 87 Cal. 576.)

The question as to whether a contract for grading or paving or curbing has been properly performed is not one going to the jurisdiction of the council or affecting the validity of its acts, and, as an appeal is expressly provided by the eleventh section of the act of 1885, it is under that section the only remedy, and defendant having failed to take such appeal was estopped from litigating the question in this action. (*Fanning* v. *Leviston*, 93 Cal. 186; *Perine* v. *Forbush*, 97 Cal. 312; *Jennings* v. *Le Breton*, 80 Cal. 8, and cases there cited.)

It follows that the court below erred in admitting testimony to show that the work was not performed as by the contract required.

Respondent urges that the contract for the work was invalid because of the omissions therein of matters essential to a valid contract under the statute. The contract is not set out in the record, and we have no means of determining its validity.

The court below found that the contract was entered into, and, in the absence of a showing to the contrary, we must presume it was a valid one.

It is further urged that there is no allegation in the complaint that such contract contained such essential matters.

The complaint avers the execution of the contract in pursuance of the award whereby J. F. Owens agreed to perform the work in a workmanlike manner, under the direction and to the satisfaction of the street superintendent, and to furnish all the necessary material required for the execution of the work, and in compliance with and as required by the plans and specifications thereof, and therein prepared by the city surveyor and adopted and approved by the city council, and on file in

the city clerk's office, which plans and specifications are referred to in said contract and made a part thereof, etc.; that work was to commence within fifteen days from the date of the contract and to be completed within ninety days, etc.

No demurrer was interposed to the complaint, and no objection based upon its insufficiency seems to have been interposed in the court below.

It must follow that no objection can be heard here, except that it fails to state a cause of action. *Libbey* v. *Elsworth*, 97 Cal. 316, is relied upon by respondent in support of his contention. In that case a demurrer was sustained to the complaint, and this court in affirming the judgment held, among other things, that a general allegation that the contract was one by which the contractor agreed to do the work therein in accordance with specifications, which are not set out, and under the direction and to the satisfaction of the superintendent of streets, was not sufficient, and that it must affirmatively appear from the statement of the contract that it contained all the essentials to make it a valid contract under the statute.

In the case at bar the pleader failed to set out the specifications which formed an important part of the contract, and a demurrer for that reason would have been good.

Defendant, however, not only did not demur, but he set out these very specifications in his answer, and averred they were the specifications referred to in the complaint. This cured the error.

We recommend that the judgment and order appealed from be reversed, and that the parties and each of them have leave to amend their respective pleadings if they shall be so advised.

BELCHER, C., and CHIPMAN., C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the

parties and each of them have leave to amend their respective pleadings if they shall be so advised.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.