[Civ. No. 1431. Second Appellate District.—January 9, 1914.]

## J. H. McINTYRE, Appellant, v. THE CITY OF LOS ANGELES et al., Respondents.

MUNICIPAL CORPORATION—CONTRACT FOR STREET IMPROVEMENT—RELEASE OF CONTRACTOR BY EXECUTION OF SECOND CONTRACT—REMEDY OF PROPERTY OWNER.—Where the board of public works, having entered into a valid contract for street improvement, makes another contract releasing the contractor from doing certain work required by the original contract, the remedy of a property owner is by appeal to the city council, which has power to set aside the assessment and order the work completed in accordance with the specifications; and if this remedy is not resorted to, an action to cancel the bond issued against his property for the improvement and to annul the lien thereof is not maintainable.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, for Appellant.

John W. Shenk, City Attorney, Leslie R. Hewitt, and Charles D. Houghton, for Respondents.

SHAW, J.—The purpose of this action was to obtain a decree declaring a street improvement bond, which had been

issued against plaintiff's property, canceled and the lien thereof annulled.

A general demurrer interposed to the complaint by the defendant was sustained. Plaintiff declined to amend, whereupon the court gave judgment for defendant, from which plaintiff appeals.

As appears from the complaint, the contract for doing the work was duly awarded to one T. E. Shaffer, with whom the board of public works, on August 17, 1910, duly entered into a valid contract for the performance thereof in accordance with the plans and specifications therefor. The specifications, among other things, provided for the construction of a stone wall as therein specified. Appellant concedes that all the proceedings required by law to be had and taken as a prerequisite for entering into the contract were duly had and taken, and the validity of the contract of August 17, 1910, is unquestioned. The cause of action is based upon the allegation of the complaint that on or about September 10, 1910, and after the board of public works had on August 17, 1910, entered into a valid contract for the doing of the work, it, without authority so to do, made another and different contract with Shaffer whereby he was released from and not required to construct the stone wall, as provided in the specifications for the improvement of the street, by reason of which Shaffer neglected and failed to construct the stone wall as required by the terms of the contract of date August seventeenth, but did perform the work in compliance with the contract dated September tenth, and that as performed under and pursuant to the terms of said last mentioned contract the work was accepted and the street improvement bond issued for the assessment made against plaintiff's lot.

We agree with appellant that the contract of date August seventeenth was a valid, binding contract under and pursuant to which the contractor obligated himself to perform the work in accordance with the specifications for the improvement of the street, which included the construction of the stone wall as specified. As shown by the allegations of the complaint, the board of public works had no authority to enter into the second contract, or in any manner release the contractor from doing any of the work as provided in the specifications in accordance with which the work was ordered

to be done. This being true, the second contract was null and void. As thus presented, it follows that the contractor neglected and failed to perform the work in accordance with his agreement, and failed to comply with the specifications in the performance of his contract. The case presented is one where the contractor has failed to perform the work in accordance with the specifications made a part of the contract, notwithstanding which failure the city by its proper officers has wrongfully accepted the work as done to its satisfaction in compliance with the terms of the contract. This was an error on the part of the official whose duty it was to see that the work was done in accordance with the terms of the only valid contract made, the remedy for which error and neglect of duty on his part, under the express provisions of section 11 of the Street Improvement Act, was an appeal to the city council, which had the power to set aside the assessment and order the work completed in accordance with the specifications. No appeal was taken. (*Ryan* v. *Altschul*, 103 Cal. 177, [37 Pac. 339]; *Diggins* v. *Hartshorne*, 108 Cal. 162, [41 Pac. 283]; *Fanning* v. *Leviston*, 93 Cal. 186, [28 Pac. 943]; *Himmelmann* v. *Hoadley*, 44 Cal. 279.)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 4, 1914.