[L. A. No. 4102.    Department Two.—December 13, 1917.]

CITY SECURITIES COMPANY (a Corporation), Respondent, v. HARRIET HARVEY et al., Appellants.

MUNICIPAL CORPORATIONS—STREETS—SIDEWALK CONSTRUCTION—ACT OF 1909 — FORECLOSURE OF ASSESSMENT LIEN — VOID ASSESSMENT.— Under the act of 1909, for the construction of sidewalks and curbing within municipalities (Stats. 1909, p. 167), an assessment on lots for the construction of a sidewalk, which is based on the proportion which the number of square feet of sidewalk constructed in front of each lot bears to the number of square feet in the whole area of sidewalk constructed, is void.

ID.—VOID ASSESSMENT — APPEAL TO CITY COUNCIL UNNECESSARY.— Where an assessment for the construction of sidewalks under the act of 1909 (Stats. 1909, p. 167), is void on its face, it constitutes no lien on the property of an owner assessed, and he is not required to seek its correction by an appeal to the city council under section 10 of the act, but may, as a defense in an action to enforce the lien, rely upon its invalidity.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

William M. Hiatt, Edward M. Selby, and Edmund H. Hinshaw, for Appellants.

A. J. Sherer, and Arthur G. Baker, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Action to foreclose a lien based upon an assessment against a lot and parcel of land owned by defendant Harvey for the cost of constructing a sidewalk on Eleventh Street, upon which said property fronted in the city of Los Angeles.

A decree was entered as prayed for in favor of plaintiff from which, and an order denying her motion for a new trial, defendant Harvey appeals.

The proceedings which created the alleged lien purport to have been had and taken by the city council of Los Angeles under and pursuant to the provisions of an act of the legislature entitled "An act to provide for work upon and the construction of sidewalks and curbing within municipalities" (Stats. 1909, p. 167), and provided for the construction of cement sidewalks varying in width on portions of both sides of Eleventh Street, between Main and Figueroa Streets.

At the trial the court, over defendants' objection, admitted in evidence the warrant, assessment, and diagram made by the superintendent of streets, together with the certificate of the city engineer as to the completion of the work, which under section 11 of the act, when accompanied by an affidavit of demand and nonpayment, are made *prima facie* evidence of the regularity and correctness of the assessment and the prior proceedings upon which said assessment, warrant, and diagram are based, and like evidence of plaintiff's right to recover in the action. Thereupon, plaintiff having rested, the defendant moved for a nonsuit upon the ground, among others, that the documents offered and received in evidence were on their face illegal and void, and as made, without authority of law, for the reason that as appeared therefrom the assessment included the work done on both sides of the street and against each lot, not in proportion to the frontage which it bore to that of all the lots in the same side of the street along which the entire sidewalk was constructed, but in proportion to the number of square feet of sidewalk constructed in front thereof as compared with the number of square feet in the whole area of sidewalk constructed, which motion the court denied.

The chief question involved and the only one necessary to decide is the validity of the assessment made in apportioning the cost of constructing the sidewalk on the northeasterly side of Eleventh Street, on which defendants' property

abutted, and in front of whose lot the sidewalk as authorized in the proceeding was of a width of nine and one-half feet, while the specified width of other portions thereof on the same side of said street and in front of other lots was seven and one-half feet. Section 6 of the act provides that the "expense incurred for the construction of any sidewalk authorized by this act . . . shall be assessed upon the lots and lands fronting thereon on the same side of the street where said sidewalks shall be constructed, each lot, or portion of lot, being separately assessed in proportion to the frontage at a rate per front foot sufficient to cover the total expense of the work. . . . " Concededly, the assessment was not so made. As shown on the face thereof the entire cost of the work on both sides of the street, together with the incidental expense thereof, was apportioned to and assessed against the lots fronting on each side thereof in such proportion as the number of square feet of sidewalk in front of each lot bore to the entire area of sidewalk constructed, so that the assessment against lots of the same frontage was greater or less in amount, depending upon the width of the sidewalk upon which they fronted.

It is suggested that conceding the assessment was not made as provided by law, nevertheless the remedy of defendant if aggrieved or objecting to the correctness or legality of the assessment was an appeal to the city council, provision for which is made in section 10 of the act, which declares the decision of such body to be final and conclusive as to all matters therein made the subject of appeal. Since unauthorized by any law of this state, the assessment is void on its face, constitutes no lien on defendant's property, and, hence, she is not an aggrieved party within the meaning of the provision. As stated in *Ryan* v. *Altschul,* 103 Cal. 177, [37 Pac. 340] : "If, however, the assessment is void upon its face, it does not constitute an apparent lien upon the property, and as its invalidity is always apparent the owner is not 'aggrieved,' and is not required to seek its correction by an appeal, but may defend, upon this inherent invalidity whenever an attempt is made to enforce it, or any right is asserted by virtue of its existence." Where the assessment itself discloses that it is made in a manner not authorized by statute, it is void on its face. An owner of property thus assessed is not required to appeal to the city council for the correction of the assessment,

but may, as a defense in an action to enforce the same, rely upon its inherent invalidity. (*Pacific Pav. Co.* v. *Verso,* 12 Cal. App. 362, [107 Pac. 590].) The court erred in admitting the assessment-roll in evidence and likewise erred in denying defendant's motion for a nonsuit.

Our conclusion renders it unnecessary to consider other grounds urged for a reversal.

The judgment and order are reversed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.