[S. F. No. 8793. In Bank.—June 18, 1921.]

FEDERAL CONSTRUCTION COMPANY (a Corporation), Respondent, v. ARTHUR A. NEWHOUSE et al., Defendants; ARTHUR A. NEWHOUSE, Appellant.

[S. F. No. 8794. In Bank.—June 18, 1921.]

FEDERAL CONSTRUCTION COMPANY (a Corporation), Respondent, v. ARTHUR A. NEWHOUSE et al., Defendants; ARTHUR A. NEWHOUSE, Appellant.

[1] STREET LAW—DEPARTURES FROM PROCEDURE—INVALIDITY OF ASSESSMENT.—In proceedings *in invitum* small departures from the lawful procedure are fatal to a street assessment, in the absence of curative provisions.

[2] ID.—SEWER CONSTRUCTION—PROPER METHOD OF ASSESSMENT.—In a street improvement proceeding under the Street Improvement

Ordinance of the city and county of San Francisco, the assessment of the cost of construction of a sewer only along the property fronting on the same was a proper method of assessment.

[3] ID. — STREET IMPROVEMENT — SEWER CONSTRUCTION — LOCATION IN DIFFERENT BLOCK—ATTACK BY UNAFFECTED PROPERTY OWNER.— In a street improvement proceeding, a property owner cannot complain of the invalidity of a separate and independent assessment for sewer construction, incorporated in the plan of improvement solely because it was desirable to have the sewer laid before the street was paved, where such sewer improvement was made in a block other than that in which such owner's property was located.

[4] ID.—SAN FRANCISCO STREET IMPROVEMENT ORDINANCE—ERRORS UPON FACE OF ASSESSMENT—FAILURE TO APPEAL—VALID ASSESSMENT.— In view of section 21 of the Street Improvement Ordinance of the city and county of San Francisco, an assessment is not void because of errors appearing upon the face of the assessment affecting the assessment for curbing and for the work done in the street crossing, where no appeal was taken to the board of supervisors for the correction of such errors, since under such section such errors appearing on the face of an assessment could have been corrected and were not jurisdictional in character.

[5] ID.—COMPLETION OF WORK IN CONTRACT TIME—ACCEPTANCE SUBSEQUENT TO EXPIRATION OF PERIOD—RIGHT OF CONTRACTOR.—A street contractor who actually completes his contract within the time fixed in the contract by valid extensions thereof is entitled to the assessment, even though the acceptance of the work was delayed by the street superintendent until after the expiration of the contract time.

APPEALS from judgments of the Superior Court of the City and County of San Francisco.   John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugo D. Newhouse, Russell P. Tyler and Charles W. Cobb for Appellants.

Frank W. Sawyer, *Amicus Curiae.*

H. K. Eells, A. C. H. Hart and Raymond Benjamin for Respondent.

Randolph V. Whiting, Fabius T. Finch, Paul F. Fratessa and John B. Gartland, *Amici Curiae.*

WILBUR, J.—Defendants appeal from judgments rendered against them foreclosing the lien of street assessments for the improvement of Nineteenth Avenue, in San Francisco, with all street crossings but one, between Quintara and Vicente Streets, by paving, curbing, and sewering; the latter for one block only. The appeals from the two judgments are to be considered together, and only differ for the reason that they are for assessments upon different properties and against different persons. The same points are raised as in *Federal Construction Co.* v. *Wolfson, ante,* p. 267, [199 Pac. 512], and have been determined therein against appellants' contention. In addition to the points there raised it is claimed that the assessment is void for failure to comply with certain provisions of the Street Improvement Ordinance of San Francisco with relation to the manner of making and levying of assessments. In making the assessment the five separate blocks in which the work was done were separately assessed. In four of the blocks the cost of curbing and paving was added and a single front-foot rate of $5.881867 was ascertained as the rate to cover this cost and the proper proportion of incidental expenses. In the other block only, between Vicente and Ulloa Streets, a sewer was laid, and in this block separate assessments were levied for each item, curbing, paving, and sewer, with a front-foot rate of $.770087 for curbing, $5.125058 for paving and $1.026121 for sewer. Thus the cost per front foot for curbing and paving in this block was $5.895145. Hence the rate for pavement and curbing is greater by $.013278 in this block. This increased rate is due to two factors: First, a charge of fifteen dollars is made for inspection of curbing in this block and ninety dollars is made for the inspection of pavements, whereas in all the other blocks the charge for inspection of both paving and curbing is ninety dollars. This item of fifteen dollars accounts for $.01304 of the difference, and the balance, $.000238 per front foot, is due to the fact that the one-fifth of the whole amount of the incidental expenses for printing and engineering was apportioned to a frontage of 1,150 instead of one thousand two hundred feet, as in the other blocks. If the rate of assessment had been the same in each block, the mere fact of separate estimates in each block would be of no importance. [1] The difference in the rate of assessment for curbing and paving in the

block between Vicente and Ulloa Streets of $.013278 in excess of that in other blocks is small, but in proceedings *in invitum* small departures from the lawful procedure are fatal to the assessment, in the absence of curative provisions. (*Chapman* v. *Jocelyn,* 182 Cal. 294, [187 Pac. 962].) In this block the frontage is one thousand two hundred feet, yet only 1,150 feet of curbing is charged for and the cost is assessed on 1,150 feet of frontage. For some reason, perhaps because the curb was already laid, one fifty-foot lot is not assessed for curbing. The contract price of curbing was seventy-five cents per lineal foot. The result of this method was that each lot assessed for curbing was assessed at the same rate for curbing as in all other blocks, except for incidental expenses, as above stated. The cost of engineering, printing, and inspecting was apportioned equally between the five blocks, and equally assessed within those blocks, with the exception noted. Thus the separation of the assessment into five different blocks resulted in no inequality in the assessment other than that due to the omission of one lot from the curbing assessment and the unequal distribution of the assessment for incidental expenses.

The lot of the defendant Newhouse has a frontage along Nineteenth Avenue greater than one-half a block. Only that part of his lot within the quarter block is liable for assessment for the improvement of the adjacent street crossing. There is a failure in the diagram and assessment to indicate the portion of the lot liable for the street crossing assessment, although that assessment is correctly computed upon the frontage of the lot within the quarter block and liable for the assessment. The error is in extending the lien thereof over the whole of the lot. To state the objection in the language of the respondent, the appellant relies upon "the failure to draw the usual red line" indicating the limit of the quarter block. The error complained of has been held fatal to an assessment under the Vrooman Act [Stats. 1885, p. 147]. (*Parker* v. *Reay*, 76 Cal. 103, 104, 105, [18 Pac. 124]; *Dyer* v. *Harrison*, 63 Cal. 447, 450.) This error, however, only applies to the crossing assessment amounting to $161.88. These trivial errors could have been readily remedied if the attention of the city officials had been called thereto by an appeal, but it has been uniformly held under the provisions of the Vrooman Act (sec. 11) that the owner

is not aggrieved by an assessment which is void on its face (*Ryan* v. *Altschul,* 103 Cal. 174–177, [37 Pac. 339]), and may assert its invalidity in court. These errors appear on the face of the assessment.

[2] Before discussing the effect of these errors, under the San Francisco Street Improvement Ordinance, one other alleged error appearing upon the face of the assessment may be disposed of, namely, the assessment of the cost of the sewer only along the property fronting on the same. This was the proper method of assessment as the sewer improvement was virtually a separate and independent improvement, no doubt incorporated in the plan of improvement solely because it was desirable to have the sewers laid before the street was paved. [3] The defendants, in any event, cannot complain of the invalidity of the separate and distinct sewer assessment. If invalid, that part alone was invalid. (*Perine* v. *Lewis,* 128 Cal. 236, 241, [60 Pac. 422, 772], opinion denying rehearing, p. 241.) The defendants' property is not located in the block in which the cost of the sewer was assessed, and in which the excessive amount of incidental expenses was apportioned, and they cannot complain thereof. (See *Dyer* v. *Parrott,* 60 Cal. 551.)

Defendants were, however, injuriously affected by the failure to include one fifty-foot lot in the assessment for curbing, and in the case of a frontage assessment under the Vrooman Act where such error appears on the face of the record, the whole assessment is void. (See authorities cited in *Larsen* v. *San Francisco,* 182 Cal. 1, [186 Pac. 757, 763].) Two errors, then, appear upon the face of the assessment,—one affecting the assessment for curbing, and the other the assessment for the work done in the street crossing. It has been uniformly held, under the Vrooman Act and its various amendments, that where an assessment is void upon its face, even though it could be readily corrected on appeal, a property holder is not aggrieved by such void assessment, and that the contractor, being the party aggrieved, should appeal, and, failing thus to have the assessment corrected, is unable to enforce the invalid assessment. (*Ryan* v. *Altschul,* 103 Cal. 174, [37 Pac. 339]; *City Securities Co.* v. *Harvey,* 176 Cal. 682, [169 Pac. 380].)

[4] If these decisions under the Vrooman Act apply in this case we must hold invalid the crossing assessment and

the curbing assessment. It is to be determined, then, whether the provisions of the Street Improvement Ordinance so far differs from the Vrooman Act as to justify any other conclusion. The point of difference relied upon by respondent is the provision with reference to the remedy by appeal and the conclusive effect of a failure to appeal contained in section 21 of the Street Improvement Ordinance and section 11 of the Vrooman Act. Section 21 of the ordinance is identical in language with section 26 of the Street Improvement Act of 1911 (Stats. 1911, p. 730), considered in the recent decision in the *Oakland Paving Co.* v. *Whittell Realty Co.*, 185 Cal. 113, [195 Pac. 1058]. The review of the authorities therein contained makes unnecessary an extensive consideration of them in this case. It must be conceded that the errors of computation which appear on the face of the assessment were such as could have been readily corrected on appeal, and were not jurisdictional in character. It follows that under the curative provisions of the ordinance (sec. 21, *supra*) the court cannot declare the assessment void because of these irregularities or informalities, notwithstanding the fact that they appear on the face of the assessment. The reasons which impelled the court to hold that an assessment void on its face might be so declared by the court notwithstanding the failure of the property owner to appeal do not apply. The supervisors having power on appeal to correct the assessment for curbing and for crossing so as to conform to the street improvement ordinance, and opportunity being given to the parties to appeal to them for correction, the question narrows itself down to the inquiry as to whether or not the property holder is aggrieved by the defect and for that reason required to appeal. The reasoning of the decisions is such that if we hold the assessment void because of errors appearing on its face he is not aggrieved. If we hold it valid notwithstanding such errors, he would, of course, be aggrieved. The ordinance specifically directs, so far as the supervisors have power to accomplish that purpose, that the court shall not hold an assessment invalid on account of such defect. If we obey this behest the property holder is the one who was aggrieved by the error in the assessment and he should have appealed for its correction. The effect of this legislation is merely to throw on the property holder the burden of appealing from an assessment to

correct errors or informalities therein, in default of which the assessment is valid. This is a reasonable construction of the ordinance, and, giving it that effect, it follows that the defendants having failed to appeal to the board of supervisors for the correction of these errors are bound by the assessment. The decisions of this court concerning the validity of street assessments under the Vrooman Act and similar statutes wherein it is held that this court will declare void any assessment which departs from the statutory method of assessment where such departure appears from the face of the assessment and that the property holder is not required to seek the correction thereof by the city council or other local legislative body, have no application to this ordinance.

All other defects in the assessment and diagram relied on by the appellants to show its invalidity, such as the use of the customary sign to indicate feet (') and inches (") are sufficiently met by stating that the exclusive remedy therefor was likewise by appeal.

[5] There remains but one other question, and that is whether or not the failure to complete the work within the time limited in the contract is fatal to the assessment. Under the Vrooman Act it has been held that such failure invalidates the assessment. (*Kelso* v. *Cole,* 121 Cal. 121, [53 Pac. 353].) It also has been uniformly held under the Vrooman Act that the remedy for a failure to fully perform the contract where the work has been accepted and an assessment issued therefor is by an appeal to the city council or other legislative body, according to section 11. (*McLaughlin* v. *Knobloch,* 161 Cal. 676, [120 Pac. 27]; *Creed* v. *McCombs,* 146 Cal. 449, [80 Pac. 679]; *Lambert* v. *Bates,* 137 Cal. 676, [70 Pac. 777]; *Petaluma Paving Co.* v. *Singley,* 136 Cal. 616, [69 Pac. 426]; *Hadley* v. *Dague,* 130 Cal. 207, [62 Pac. 500]; *Girvin* v. *Simon,* 116 Cal. 604, [48 Pac. 720]; *McIntyre* v. *Los Angeles,* 23 Cal. App. 681, [139 Pac. 240], rehearing denied.) The court in this case found that the work was completed in time, and appellants attack this finding as unsupported by the evidence. The utmost claimed by the defendants is that some minor portions of the work were incomplete at the time the first extension of the contract expired, and that there was a hiatus between the first and second extension. The plaintiff, however, claims that the

work was completed before the expiration of the time fixed in the contract and before the granting of the second extension, and that the purpose of the second extension was merely to carry the time of completion beyond the period of appeal. Evidence was produced by the plaintiff to the effect that the work was fully completed before the expiration of the first extension, and the court found that such was the fact. If the contract was actually completed within the time fixed in the contract by valid extensions thereof, as the court found, the assessment was not invalidated because it was not issued until after the time for completion had expired. If the contractor finished the work within the time required, he was entitled to the assessment, even though the acceptance by the street superintendent was delayed.

In view of this conclusion of the trial court as to the fact of completion, which is sustained by the evidence, we are not required to consider whether evidence of noncompletion is admissible under the authority last hereinabove cited (*McLaughlin* v. *Knobloch,* and other cases, *supra*), nor whether the curative clause of section 21 validates the assessment under the decision in *Oakland Paving Co.* v. *Whittell Realty Co.,* 185 Cal. 113, [195 Pac. 1058]. In this connection it should be observed that while the curative clause of the statute therein considered (Stats. 1911, p. 730, sec. 26) is the same as in the Street Improvement Ordinance of San Francisco, section 14 of the ordinance expressly provides that "In case of failure on the part of the contractor . . . to complete . . . his contract within the time fixed in the contract, or within such extension of said time . . . his . . . contract shall be void, and no assessment shall be made for the work done under said contract." Whether in the light of this legislative declaration a failure to complete the work within the time indicated could be declared an error, irregularity, or informality, is a question we need not determine, but one which may well command the attention of the board of supervisors of the city and county of San Francisco.

The judgments are affirmed.

Olney, J., Shaw, J., Sloane, J., Angellotti, C. J., Lennon, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., who was absent.