[S. F. No. 9815. In Bank.—May 12, 1923.]

## CITY STREET IMPROVEMENT COMPANY, a Corporation, Respondent, v. THOMAS D. QUIGLEY, Appellant.

[1] STREET LAW—SECOND ASSESSMENT—VOID ASSESSMENT.—A second assessment under the San Francisco improvement ordinance, ordered by the board of supervisors after the first assessment was set aside on appeal because it exceeded one-half the assessed value of a lot, without provision for payment in installments, as required by section 33 of the San Francisco charter, is void, where it is not levied at a uniform rate per front foot, nor at the rate specified in the assessment itself, nor for the amount of the work done with expenses therefor, but only for a fraction thereof, although the assessment of such lot amounts only to one-half of its assessed value.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

Platt Kent for Respondent.

WILBUR, C. J.—This is an action to recover a street assessment for the improvement of Moraga Avenue, between Eighth and Ninth Avenues. Plaintiff recovered judgment and the defendant appeals. The assessment is a frontage assessment levied under the street improvement ordinance of the city and county of San Francisco, No.

2685, new series, the provisions of which ordinance have been before this court in a number of recent cases. (*Bienfield* v. *Van Ness,* 176 Cal. 585 [169 Pac. 225]; *City Street Improvement Co.* v. *Pearson,* 181 Cal. 640 [20 A. L. R. 1317, 185 Pac. 962]; *Federal Const. Co.* v. *Wolfson,* 186 Cal. 267 [199 Pac. 512]; *Federal Const. Co.* v. *Newhouse,* 186 Cal. 284 [199 Pac. 519].) The street assessment first made under the provisions of this ordinance on March 24, 1916, exceeded half the assessed value of the defendant's lot as shown on the tax assessment-roll for the previous year. Such assessment was expressly prohibited by the charter of the city and county of San Francisco (section 8 of chapter 2 of article VI, and section 33 thereof), and by section 28 of the street improvement ordinance, as no provision was made in the proceedings for the payment of the assessment in installments as required by said section 33 of the charter.

In the absence of such provision we have held that the assessment is void (*City Street Improvement Co.* v. *Pearson, supra; Federal Const. Co.* v. *Wolfson, supra*), and that no appeal need be taken from such an assessment by the property owner to the board of supervisors for the reason that the supervisors are powerless to correct the error.

Notwithstanding that fact, in the case at bar the board of supervisors, upon an appeal by the defendant, set aside the original assessment and ordered a second assessment "to cover the cost and expense of the street work described in the complaint." The amount of this second assessment upon the defendant's property is exactly one-half of the assessed value of his property as shown by the assessment-roll of the preceding year, to wit, $200. In view of this situation, it is necessary to state additional facts. Only two lots front on the work, which was done on only one side of the street and for part of a block; one lot is twenty-five feet by seventy feet, fronting on Eighth Avenue (the seventy feet fronting on the work on Moraga Avenue), and the other, the lot of the defendant, fronting twenty-five feet on Moraga Avenue. As a result only ninety-five feet of frontage is assessed for the improvement in question. The total cost and expense of the work, together with incidental expenses in connection with the improvement, is $994.50, giving the rate per front foot $10.468421. At this

rate the lot with seventy feet frontage was assessed $732.79 and the defendant's lot of twenty-five feet frontage was assessed but $261.71 in the original assessment. By the new assessment dated May 31, 1917, made by the board of public works after the order of the board of supervisors on appeal, the amount of the assessment on the seventy-foot lot was reduced to fifty per cent of the assessed valuation of that lot, to wit, $260, and the assessment upon defendant's lot was reduced to fifty per cent of the assessed valuation, to wit, $200, and thus the entire assessment was reduced to $460. It is true that by this method the board of public works has so adjusted the assessment that it does not violate the particular provisions of the Street Improvement Act and of the charter prohibiting the assessment of any lot for certain improvements at more than fifty per cent of its assessed value, but by so doing the board has violated the provisions of the ordinance with regard to the method of assessment in several particulars, a few of which need only be mentioned. [1] The assessment does not comply with the order of the board of supervisors; the assessment is not levied at a uniform rate per front foot; it is not levied at the rate specified in the assessment itself, which is the rate hereinabove stated; it is not levied for the amount of the work done with expenses therefor, but only for a fraction thereof. For these reasons the assessment is void, and, inasmuch as the supervisors could not levy an assessment which complied with the provisions of the law restricting the amount of the assessment to fifty per cent of the assessed value of the lot and also with provisions requiring that the assessment be spread uniformly for the entire cost of the work, the remedy by appeal is not availing, and the new assessment as well as the old was void.

Judgment reversed.

Kerrigan, J., Seawell, J., Waste, J., Myers, J., Lawlor, J., and Lennon, J., concurred.