## ABILENE NATIONAL BANK v. DOLLEY, BANK COMMISSIONER OF THE STATE OF KANSAS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE DISTRICT OF KANSAS.

No. 175.   Submitted March 5, 1913.—Decided March 17, 1913.

The Kansas Bank Depositors' Guaranty Act is not unconstitutional as against national banks either because it discriminates against them in favor of state banks, impairs the obligation of existing contracts, or deprives them of their property without due process of law.

The statutes of the United States where they do not prohibit competition with national banks do not forbid competitors to succeed.

Contracts made after a law is in force are made subject to it, and impose only such obligations and create only such property as the law permits.

The constitutionality of this statute has already been upheld as to state banks in *Assaria State Bank* v. *Dolley*, 219 U. S. 121.

179 Fed. Rep. 461, affirmed.

THE facts, which involve the constitutionality of the Kansas Bank Depositors' Guaranty Act, are stated in the opinion.

*Mr. John Lee Webster, Mr. B. P. Waggener, Mr. Chester I. Long, Mr. J. W. Gleed* and *Mr. John L. Hunt* for appellants:

The Kansas Bank Depositors' Guaranty Act discrimi-

nates against national banks as instrumentalities of the public service, and destroys their business success and efficiency. *Farmers' Natl. Bank* v. *Dearing*, 91 U. S. 29, 33; *Mercantile Bank* v. *New York*, 121 U. S. 138, 155; *Van Allen* v. *Assessors*, 3 Wall. 573.

The Kansas statute gives preference to private depositors in state banks to exclusion of national banks as creditors and results in unequal distribution of the assets of an insolvent state bank to the disadvantage of national banks. *Davis* v. *Elmira Savings Bank*, 161 U. S. 275, 283.

The Kansas statute was intended to and does injuriously affect and unlawfully discriminate against national banks. *Davis* v. *Elmira Savings Bank*, 161 U. S. 275; *West. Un. Tel. Co.* v. *Kansas*, 216 U. S. 1.

The law will presume that the legislature knew national banks could not accept of the guaranty provisions and that the legislature intended to discriminate against them and induce them to reorganize as state banks. *Henderson* v. *New York*, 92 U. S. 259; *Easton* v. *Iowa*, 188 U. S. 220, 238; *Bailey* v. *People*, 190 Illinois, 28, 36; *Mugler* v. *Kansas*, 123 U. S. 623, 661; *Minnesota* v. *Barber*, 136 U. S. 313, 319; *Galveston &c. Ry. Co.* v. *Texas*, 210 U. S. 217, 227; *Crutcher* v. *Kentucky*, 141 U. S. 47; *West. Un. Tel. Co.* v. *Kansas*, 216 U. S. 1.

Bank guaranty laws are all conducive to improvident banking and are destructive to national banks.

National banks by reason of the effect of the guaranty act upon them have a right to challenge its constitutionality. *Chicago* v. *Collins*, 175 Illinois, 445; *Hutchinson* v. *Beckham*, 118 Fed. Rep. 399; *Old Colony Trust Co.* v. *Atlanta*, 83 Fed. Rep. 39; *S. C.*, 88 Fed. Rep. 859; *Cicero Lumber Co.* v. *Cicero*, 176 Illinois, 1; *Merchants' Exchange* v. *Knott*, 212 Missouri, 616.

The national banks as taxpayers have a right to maintain this suit.

The features of the bank guaranty law which make it

obnoxious to national banks are so connected with other sections of the act as to make this statute unconstitutional. *Employers' Liability Cases*, 207 U. S. 463, 501; *Ill. Cent. R. R. Co.* v. *McKendree*, 203 U. S. 514; *Trademark Cases*, 100 U. S. 82; *Baldwin* v. *Franks*, 120 U. S. 678, 685; *Warren* v. *Mayor*, 2 Gray, 84; *West. Un. Tel. Co.* v. *Austin*, 67 Kansas, 208.

*Mr. John S. Dawson*, Attorney General of Kansas, *Mr. Fred S. Jackson* and *Mr. G. H. Buckman* for appellees:

Complainants do not show an interest, the nature of which entitles them to question the constitutionality of the statute attacked by them. *Marbury* v. *Madison*, 1 Cr. 137; 8 Cyc. Law & Proc. 787; *State* v. *Smiley*, 65 Kansas, 240; *S. C.*, 196 U. S. 447; *Clarke* v. *Kansas City*, 176 U. S. 114; *Albany Co.* v. *Stanley*, 105 U. S. 305; *Pittsburg* v. *Montgomery*, 152 Indiana, 1; *Tyler* v. *Justices*, 179 U. S. 405; *National Bank* v. *Mayor*, 100 Fed. Rep. 29; *Easton* v. *Iowa*, 188 U. S. 234; *Commonwealth* v. *Merchants' Bk.*, 168 Pa. St. 309; *Hamilton* v. *Vicksburg S. P. R. Co.*, 119 U. S. 280; *Turpin* v. *Lemon*, 187 U. S. 51.

The real question involved in this case is whether or not a State has the right to pass a law controlling its own corporate creatures. *Dolley* v. *Abilene National Bank*, 179 Fed. Rep. 463; *Heath & Milligan Mfg. Co.* v. *Worst*, 207 U. S. 354; *Ozan Lumber Co.* v. *Union Nat. Bk.*, 207 U. S. 256; *People* v. *Naglee*, 1 California, 232; *A., T. & S. F. Ry. Co.* v. *Matthews*, 174 U. S. 106; *Insurance Co.* v. *Daggs*, 172 U. S. 562; *Mutual Life Ins. Co.* v. *Mettler*, 185 U. S. 325.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain the putting into operation of the Kansas Bank Depositors' Guaranty Act (March 6, 1909, Sess. Laws 1909, c. 61), and to have it declared un-

constitutional. It seems to have been filed at about the same time as the bill in *Assaria State Bank* v. *Dolley*, 219 U. S. 121, in which case the law was upheld. The main difference between the two suits is that the other was brought by state banks, and this by national banks. The Circuit Court of Appeals held the bill bad on demurrer, 179 Fed. Rep. 461; 102 C. C. A. 607; and it was dismissed. A writ of certiorari was denied by this court. 218 U. S. 673. In view of the decisions in 219 U. S. and in this case below we shall add comparatively few words.

The ground peculiar to this case is an alleged discrimination against national banks. Allegations in the bill as to the purpose and intent of the statute of course are immaterial. They introduce no new facts, and leave the question as it would be without them, namely, whether anything can be discerned in the terms or effect of the act that infringes the plaintiffs' constitutional rights. A good deal of the argument seems to be that the statute will make state banks so attractive to the public that the national banks will suffer. It is replied that experience has not justified the prophecy. But even if it had, there is nothing to hinder the States from permitting a competing business and doing what Kansas has done with intent to make it popular and safe. The national banks are free to come into the scheme. The suggestion that they could not come in and remain national banks, is simply a statement of the situation of all competitors. They cannot retain the advantages of their adverse situation and share those of the parties with whom they contend. The statutes of the United States when they do not attempt to prohibit competition with national banks do not forbid competitors to succeed.

The specific discrimination pointed out is that under the Kansas statutes the national banks do not share equally with depositors in the assets of an insolvent state bank. The bill alleges that the plaintiffs necessarily have

and make deposits with state banks, and that banks necessarily borrow money from other banks and rediscount paper in other banks, and that the obligation of their contracts will be impaired and they will be deprived of their property without due process of law, contrary to Art. I, § 10, and the Fourteenth Amendment of the Constitution. The section of the statute specified as having this effect is § 4, which contemplates the primary application of the assets of the bank and the double liability of stockholders to depositors. It is replied that the word depositors obviously was used by mistake for creditors and that the statute was amended by substituting the latter word in 1911. (March 13, 1911, Sess. Laws 1911, c. 62, p. 103, § 1.) But further the language of the bill and the argument show that the complaint refers to future transactions, not to past. There is nothing sufficient to raise a question as to dealings before the law went into effect. Contracts made after the law was in force of course are made subject to it, and impose only such obligations and create only such property as the law permits. *Denny* v. *Bennett,* 128 U. S. 489, 494. *Cross Lake Shooting & Fishing Club* v. *Louisiana,* 224 U. S. 632, 638, 639.

The greater part of the bill is taken up with objections to the scheme of the statute in which the plaintiffs have no concern and that have been disposed of by the former decision of this court upon the Kansas act. There is nothing in it that calls for further remark.

*Decree affirmed.*