## MADERA WATER WORKS *v.* MADERA.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

No. 229.   Argued April 17, 18, 1913.—Decided April 28, 1913.

If the constitution of the State authorizes municipalities to construct utility plants as well after, as before, such plants have been built by private parties, one constructing such a plant takes the risk of what may happen, and cannot invoke the Fourteenth Amendment to protect him against loss by the erection of a municipal plant.

There is nothing in the constitution of California that can be construed as a contract, express or implied, that municipalities will not construct water works that will compete with privately owned works built under the provisions of the constitution giving the right, sub-

ject to municipal regulation of charges, to lay mains in the streets of municipalities where there are no public works.

185 Fed. Rep. 281, affirmed.

THE facts are stated in the opinion.

*Mr. Frank H. Short*, with whom *Mr. F. E. Cook* and *Mr. E. J. McCutchen* were on the brief, for appellant.

*Mr. Raleigh E. Rhodes*, with whom *Mr. Marshall B. Woodworth* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity to restrain the City of Madera from proceeding with the construction of a water plant in competition with one that the plaintiff and its predecessors have built under the constitution of the State. The Circuit Court sustained a demurrer and dismissed the bill. 185 Fed. Rep. 281. The ground of the suit is that the state constitution provides that in any city where there are no public works owned by the municipality for supplying the same with water, any individual or corporation of the State shall have the privilege of using the public streets and laying down pipes, &c., for the purpose, subject to the right of the municipal government to regulate the charges. Art. 11, § 19. It is argued that this provision, coupled with the duty imposed on the governing body to fix water rates annually, and the corresponding duty of the water company to comply with the regulations, both under severe penalties (Art. 14, §§ 1, 2, act of March 7, 1881, §§ 1, 7, 8, Stats. 1881, p. 54, c. 52), imports a contract that the private person or corporation constructing works as invited shall not be subject to competition from the public source. Otherwise, it is pointed out, the same body will be called upon to regulate the

plaintiff's charges and to endeavor to make a success of the city works. Furthermore the plaintiff is forbidden by other provisions to divert its property to other uses and, again, will be called on to pay taxes to help its rival to succeed. Thus it is said, the city proposes to destroy the plaintiff's property, contrary to the Fourteenth Amendment of the Constitution of the United States.

But if, when the plaintiff built, the constitution of the State authorized cities to build water works as well after works had been built there by private persons as before, the plaintiff took the risk of what might happen. An appeal to the Fourteenth Amendment to protect property from a congenital defect must be vain. *Abilene National Bank* v. *Dolley*, 228 U. S. 1, 5. It is impossible not to feel the force of the plaintiff's argument as a reason for interpreting the Constitution so as to avoid the result, if it might be, but it comes too late. There is no pretence that there is any express promise to private adventurers that they shall not encounter subsequent municipal competition. We do not find any language that even encourages that hope, and the principles established in this class of cases forbid us to resort to the fiction that a promise is implied.

The constitutional possibility of such a ruinous competition is recognized in the cases, and is held not sufficient to justify the implication of a contract. *Hamilton Gaslight & Coke Co.* v. *Hamilton*, 146 U. S. 258. *Joplin* v. *Southwest Missouri Light Co.*, 191 U. S. 150, 156. *Helena Water Works Co.* v. *Helena*, 195 U. S. 383, 388, 392. So strictly are private persons confined to the letter of their express grant that a contract by a city not to grant to any person or corporation the same privileges that it had given to the plaintiff was held not to preclude the city itself from building water works of its own. *Knoxville Water Co.* v. *Knoxville*, 200 U. S. 22, 35. Compare *Vicksburg* v. *Vicksburg Water Works Co.*, 202 U. S. 453, 470. As there is no con-

tract the plaintiff stands legally in the same position as if the constitution had given express warning of what the city might do. It is left to depend upon the sense of justice that the city may show.

*Decree affirmed.*