## UNITED RAILROADS OF SAN FRANCISCO *v.* CITY AND COUNTY OF SAN FRANCISCO ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 282.   Argued March 25, 1919.—Decided April 21, 1919.

A general law, in force when a street railroad franchise was granted by a city, provided that in no case must two railroad corporations occupy and use the same street for more than five blocks; and the franchise ordinance, referring to the law, expressed a like limitation on the power of the board of supervisors, as to the streets covered by the franchise. *Held*, that the limitation was not intended to affect the city when constructing a street railroad of its own under a later amendment of the law and of the state constitution. P. 519.

*Held*, further, that the grantee took the risk of this judicial interpretation of its franchise and of the city's railroad being run in the same streets on either side of its own, and that any damage inevitably resulting was not a taking of its property requiring resort to eminent domain. P. 520.

*Semble*, that the damage referred to in the California Constitution
of 1879, Art. I; § 14, requiring compensation before private property
is taken or damaged for public use, is such as results from conduct
that would be tortious unless under eminent domain proceedings
or some law authorizing it on condition that damages be paid.
P. 521.

The plaintiff having failed to establish its right to enjoin the con-
struction of the city's railroad alongside its own, as a violation of
franchise rights and taking of property, and the road having been
built *pendente lite*, and the right to recover for any damage due to
track-crossings, manner of operation, etc., being doubtful, non-
equitable in character and dependent on the taking of new evidence—
*Held*, that a decree dismissing the bill should be affirmed, without
prejudice to further proceedings to recover any damage to which
plaintiff might be entitled. *Id.*

The charter provision requiring the City of San Francisco to consider
offers for the sale of existing public utilities before constructing
new ones affords no ground for a street railroad company to oppose
construction of a municipal road alongside its tracks, when such
company, in common with others, had received from the board of
supervisors a general solicitation for such offers as to any existing
street railway. P. 522.

239 Fed. Rep. 987, affirmed.

THE case is stated in the opinion.

*Mr. Garret W. McEnerney*, with whom *Mr. William M.
Abbott, Mr. William M. Cannon* and *Mr. Andrew F. Burke*
were on the briefs, for appellant.

*Mr. Hiram W. Johnson*, with whom *Mr. George Lull*
and *Mr. John J. Dailey* were on the briefs, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity brought by the appellant to
prevent the construction of a municipal street railway
on Market street and adjoining streets in San Francisco
with tracks on the two sides of the plaintiff's double track,
for more than five blocks, and also to prevent the inci-

dental cutting of the plaintiff's tracks. The appellant claims the right by grant and contract to forbid the proposed action and relies upon the Constitution of the United States, upon the state constitution which provides that private property shall not be taken or damaged for public use without just compensation having first been made, and upon Article XII, § 2 of the charter of the city, requiring it to consider offers for the sale of existing public utilities before constructing new ones. The answer denies that damage to the plaintiff will ensue from the new tracks and denies as matter of law that the plaintiff has the contract or property rights alleged. On application for a preliminary injunction the District Court held that the plaintiff had failed to make out a case for it, and denied it, intimating an opinion against the plaintiff upon the matter of law involved. It then entered what is called a final decree, denying all relief to the plaintiff with costs to the defendant. 239 Fed. Rep. 987. The present appeal is from that decree.

The franchise of the plaintiff to maintain its two tracks on Market street was granted to its predecessor in title in September, 1879. At that time by § 499 of the Civil Code of California, "two corporations may be permitted to use the same street, each paying an equal portion for the construction of the track; but in no case must two railroad corporations occupy and use the same street or track for a distance of more than five blocks." The existence of this general law is the first ground relied upon for the assertion of exclusive rights in the street by the plaintiff. The other ground is the order of the Board of Supervisors of San Francisco granting the franchise, and especially § 5 which is as follows: "It shall be lawful for the Board of Supervisors of the city and county of San Francisco to grant to one other corporation, and no more, the right to use either of the aforesaid streets for a distance of five blocks, and no more, upon the terms and

conditions specified in the 499th section of the civil code
of this State. This section shall apply to persons and com-
panies, as well as· corporations." We agree with the
District Court that these sections did not give to the
plaintiff the right it claims.

The section of the Code would seem to be a limitation
of the powers conferred upon the Board of Supervisors
by that and the adjoining sections, not a contract by
the State, or an authority to the Board to contract,
against a larger use of the streets. It most naturally is
read as merely a general law declaring the present legisla-
tive policy of the State. *Wheeling & Belmont Bridge Co.*
v. *Wheeling Bridge Co.,* 138 U. S. 287, 292; *Williams* v.
*Wingo,* 177 U. S. 601; *Wisconsin & Michigan Ry. Co.* v.
*Powers,* 191 U. S. 379, 387; *San Jose-Los Gatos Interurban*
*Ry. Co.* v. *San Jose Ry. Co.,* 156 Fed. Rep. 455, 458. But
however this may be neither that section nor § 5 of the
order granting the franchise purports in terms to pre-
vent the city from itself establishing a parallel road. If
it be true, as the plaintiff argues, that the grant or con-
tract in § 5 of the order means what the statute means
and is to be construed by that, we have suggested what
seems to us the natural construction of the act. But in
any event it is decided by *Knoxville Water Co.* v. *Knox-*
*ville,* 200 U. S. 22, that a covenant by a city not to grant
to any other person or corporation a privilege similar to
that granted to the covenantee does not restrict the city
from itself exercising similar power; and it is assumed in
that case, that the principle already is established as to
legislative grants. 200 U. S. 34. That is the assumption
also of an amendment of § 499 by an Act of April 24, 1911.
[Stats. 1911, c. 580.] The city now is given power to
establish and operate transportation service by the amend-
ment of § 499 just mentioned and by the constitution of
the State. Article, XI, § 19. Amendment approved
October 10, 1911. The plaintiff took the risk of the

judicial interpretation of its franchise and of this possible event. *Madera Water Works* v. *Madera*, 228 U. S. 454. Of course, so far as the harm to the plaintiff is an inevitable consequence of the city's doing what the plaintiff's franchise did not make it unlawful for the city to do, the infliction of that harm is not a taking of the plaintiff's property that requires a resort to eminent domain.

We understand that the municipal road now has been built, and the question is whether to retain the bill for a claim of damages. But as that would require new evidence and practically would present a new case, and as further, with such light as we now have, the right to damages seems at least doubtful, we deem it sufficient if the rights of the plaintiff, if any, in that regard, are reserved. The question is raised pointedly by Article I, § 14, of the Constitution of 1879. That provides that "private property shall not be taken or damaged for public use without just compensation having first been made," &c. The plaintiff seems to argue that this section entitles it to preliminary compensation for any considerable pecuniary detriment that the city may inflict by the establishment of the new road, however lawfully it may act. Courts and judges have differed widely in their interpretation of this class of provisions in statutes of different sorts; but we should suppose, until otherwise instructed by the Supreme Court of the State, that the damage referred to in this section of the state constitution in the main would be damage resulting from conduct that, like taking, would be tortious unless in proceedings under eminent domain or some law authorizing it on condition that damages be paid.

As to crossing the plaintiff's tracks we are inclined to agree with the District Court that the plaintiff's franchise must be understood to be subject to this incident and that a taking by eminent domain was not necessary. *Market Street Ry. Co.* v. *Central Ry. Co.*, 51 California,

583. *Consolidated Traction Co.* v. *South Orange & Maple-wood Traction Co.,* 56 N. J. Eq. 569, 574, *et seq.* 3 Dillon, Municipal Corporations, 5th ed., § 1241, p. 1983. If we are wrong and if the crossings or the manner of operating the parallel tracks should give or has given rise to any claim, the decree will be without prejudice to such claim. We assume in accordance with the plaintiff's evidence and argument that the damage may be considerable and we think it just to leave open whatever can be left open, but at present we cannot say that the loss is or will be of such a character that it must be paid for, and we are satisfied that it is not such as to call for equitable relief.

A general solicitation of offers for sale to the city of any existing street railway in San Francisco was passed by the Board of Supervisors and was ordered to be sent and was sent to the plaintiff, among others. We agree with the District Court that Article XII, § 2 of the City Charter does not better the plaintiff's case.

> *Decree affirmed without prejudice to further proceedings to recover any damages to which the plaintiff may be entitled.*