[Civ. No. 6571. First Appellate District, Division Two.—January 30, 1929.]

FRANK J. McHUGH, Respondent, v. ALFRED VOYCE. Jr., et al., Appellants.

Sawyer & Sawyer and F. W. Sawyer for Appellants.

Grover O'Connor for Respondent.

LUCAS, J., *pro tem.*—Four actions are involved in this appeal, three brought by Frank J. McHugh, a street contractor, against several property owners to foreclose certain street improvement liens created pursuant to the "1918 street improvement ordinance" of San Francisco, and one by said property owners against the same McHugh and members of the board of public works of San Francisco to cancel the assessments upon which the liens were based. In this latter action the said McHugh filed a cross-complaint similar to his complaints filed in the other three actions.

In all four actions the liens in question arose by reason of the same assessment proceedings. They were therefore consolidated and tried together. But one judgment was rendered. This was in favor of the said McHugh. From this judgment appeal is taken by the property owners, plaintiffs in one suit and defendants in the others.

Under the provisions of the 1918 street improvement ordinance of San Francisco, in actions of this character, the "warrant, assessment and diagram, with the affidavit of demand and nonpayment, shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the Board of Public Works and of the Supervisors upon which said warrant, assessment and diagram are based, and like evidence of the right of the plaintiff to recover in the action."

At the trial there was offered and received in evidence in behalf of the respondent herein and without objection by appellants, the warrant, assessment and diagram, together with the affidavit of demand and nonpayment covering the liens in question. This made out a *prima facie* case in so far as the foreclosure suits were concerned and cast upon the appellants the burden of proving the matters set out in their answers. As to the action brought to cancel the assessments, the burden of proof at all times rested upon appellants.

Appellants in their several pleadings attempt to contest the validity of the liens in question upon various grounds, and attack the validity and legality of the respective steps taken in the street improvement proceedings upon which the liens are based. At the trial they offered certain evi-

dence relating thereto, to which offer objections were sustained by the trial court. Appellants now contend that in this the court erred, although they fail, with but one exception, to point out in their brief the particular rulings complained of. However, an inspection of the record reveals that all the rejected evidence related to proceedings had prior to the publication of the notice of award and prior to the making of the assessment.

The 1918 street improvement ordinance, which was offered in evidence but not fully set out in the record, contains two curative clauses. One is to the effect that all objections to any act or proceeding occurring prior to the date of publication of notice of award must be made to the board of public works, in writing, within a certain specified time or they shall be deemed waived, and the other that no proceedings prior to the assessment shall be, by any court, held invalid for any error, defect, or informality in the same, provided (and this provision relates to both curative clauses) the resolution of intention has actually been published and notices of improvement posted. The ordinance also provides that after the contractor has completed the work and the assessment has been made, the property owner may then appeal to the board of supervisors and point out to them any defects or irregularities in the proceedings.

It is frankly admitted by appellants that none of them, at any time, ever made any protest, objection, or appeal, either to the board of public works or to the supervisors; neither did they show or attempt to show that the resolution of intention was not published nor that notice of improvement was not posted, as required by law.

Curative provisions similar to those contained in the 1918 ordinance have uniformly been upheld by the courts. (*Bienfield* v. *Van Ness*, 176 Cal. 585 [169 Pac. 225]; *City Street Improvement Co.* v. *Pearson*, 181 Cal. 640 [20 A. L. R. 1317, 185 Pac. 962].)

Errors not jurisdictional are waived by failure to appeal to the proper board or authority. (*Federal Construction Co.* v. *Newhouse*, 186 Cal. 284 [199 Pac. 519].)

Under the above-mentioned provisions of the ordinance the appellants were afforded an opportunity to make their objections and point out to the proper authorities any defects or irregularities in the proceedings, and having utterly

failed so to do, and there being no showing that the board of public works or the board of supervisors was without jurisdiction in the matter, it must be held that all defects and irregularities were waived, and that the objections to the proposed evidence offered by appellants were properly sustained.

Appellants also attempted without success to introduce in evidence the 1913 street improvement ordinance, claiming that by the passage of said ordinance the board of supervisors exhausted the power conferred upon them by the charter and that the 1918 ordinance, under which the work was done, was in excess of charter authority. But the case of *Cooper* v. *Reardon,* 71 Cal. App. 649 [236 Pac. 180], in which a rehearing was denied by the supreme court, definitely disposes of this contention adversely to appellants.

It is alleged by appellants in their pleadings that by reason of an unlawful conspiracy between said Frank J. McHugh and other (unnamed) street contractors there was no competitive bidding upon the improvements in question, and that the assessment is therefore void, illegal, and against public policy. Much stress is laid upon this point for the reason that the 1918 ordinance provides that if at any time it is found that the person to whom a contract has been awarded has colluded with any party or parties for the purpose of preventing any other bids being made, his contract shall be void.

We are unable to find in the record, and appellants have not pointed out, any evidence in support of this allegation other than the testimony of the assistant secretary of the board of public works, found on page 49 of the reporter's transcript, to wit: "Q. Were there any other bids? A. I don't think so; I don't recall. Q. Why don't you think so? A. Well, for the reason that it was a 'wherenot' and the ethics among the contractors is that no other contractor will bid on another man's 'wherenot.' That is the reason I don't think there was another bid."

The witness made no explanation as to what was meant by the term "wherenot,' and none appears in the record, nor did he say that no other bids were in fact presented—he merely stated that he thought there were none, his reason for such thought being that a certain unexplained code of

ethics existed among the contractors as above set forth. No attempt was made to show that the respondent McHugh was a party to or even knew of this code of ethics, or that he had ever in any way agreed to or recognized the same. Such evidence falls far short of proving unlawful conspiracy.

No collusion or conspiracy having been shown, it is not necessary to pass upon the question as to whether or not the curative provisions of the ordinance are applicable thereto.

The judgment appealed from is affirmed.

Koford, P. J., and Sturtevant, J., concurred.