## PACIFIC GAS & ELECTRIC CO. v. SACRAMENTO MUNICIPAL UTILITY DIST.

### No. 1275–L.

District Court, N. D. California, N. D.
Dec. 23, 1936.

Thomas J. Straub, Warren Olney, Jr., J. M. Mannon, Jr., John T. Pigott, James D. Adams, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for plaintiff.

R. L. Shinn, Stephen W. Downey, and Downey, Brand & Seymour, all of Sacramento, Cal., for defendant.

ROCHE, District Judge.

Plaintiff sues to enjoin the issuance of $12,000,000 of defendant's power bonds, to prevent the levying and collection of such taxes, as are necessary to pay for the bonds, and for declaratory relief against the taxes.

The defendant is a municipal utility district made up in part of unincorporated territory, seeking to erect an electric power plant, and to distribute and sell power therefrom. Bonds have been voted to finance this project and are about to be issued and sold.

The plaintiff company, which is the present supplier of electric power to this territory, attacks the constitutionality of the organic act under which the defendant was formed (Deering's Gen.Laws Cal. 1931, Act 6393), because that act does not provide for any hearing as to whether property included within the district will be

benefited by the proposed improvements. A great amount of plaintiff's property is within the district.

### I. Preliminary Issues.

There are six preliminary issues in this case, raised on the motion to dismiss, which do not relate to the merits of the controversy, namely: Whether the plaintiff is barred by (1) laches; (2) the statute of limitations; (3) res adjudicata; (4) prematurity; (5) the provisions of various California Validating Acts; or (6) by the fact that the California cases holding the Municipal Utility District Act to be constitutional, are binding on this court.

Without an extended discussion or an enumeration of the authorities and reasons relied upon, it is enough to state that the court is of the opinion that none of these special defenses is valid or puts the plaintiff out of court.

### II. The Merits.

Attention will now be turned to the substance of the controversy.

Under the law as enacted by the California Legislature, and under which the defendant district is organized, the plaintiff company has not been given, nor will it be given, any hearing as to whether its property will be benefited by its inclusion within the Sacramento Municipal Utility District. Taxes are about to be levied against the plaintiff in order to pay for bonds issued to finance the building of the defendant's electric plant. If these taxes are special taxes, assessed and collected by a special assessment district, it is agreed that the plaintiff is entitled to a hearing, and that none being provided for by the law, it is to that extent unconstitutional. It is likewise conceded that if these taxes sought to be imposed are general in nature, no hearing is necessary, and that the law under which the defendant is organized is valid.

No case by the United States Supreme Court dealing with the constitutional questions pertaining to a utility such as this, is to be found. For that reason the ultimate characterization of these taxes is open to some doubt, but the court is satisfied that they are general.

The Supreme Court in Illinois Central R. Co. v. Decatur, 147 U.S. 190, 13 S.Ct. 293, 37 L.Ed. 132, interpreted special taxes as those imposed upon property within a limited area to pay for a local improvement benefiting all the property within that area, and general taxes as those imposed by and paid to the state as a state which return the taxpayer no special benefit other than the protection afforded him and his property by the government, and the promotion of schemes which have for their benefit the welfare of all.

It is well established that a given project may be paid for by either special or general taxes or both. See French v. Barber Asphalt Company, 181 U.S. 324, 21 S.Ct. 625, 45 L.Ed. 879. It is for the legislative body to choose the means. If the means be special assessments, a hearing must be granted, Browning v. Hooper, 269 U.S. 396, 46 S.Ct. 141, 70 L.Ed. 330, but if the means be a general tax, it is unnecessary.

The state or municipalities may levy general taxes to pay for utilities, Jones v. Portland, 245 U.S. 217, 38 S.Ct. 112, 62 L.Ed. 252, L.R.A.1918C, 765, Ann. Cas.1918E, 660, Madera Waterworks v. Madera, 228 U.S. 454, 33 S.Ct. 571, 57 L. Ed. 915, Puget Sound P. & L. Co. v. Seattle, 291 U.S. 619, 54 S.Ct. 542, 78 L. Ed. 1025, even though the operation of such projects may not be a governmental function. Thus the Decatur definition does not per se make utility taxes special assessments. It then remains to be seen what method of taxation the Legislature chose in the present case.

The California Supreme Court in In re Orosi Utility District, 196 Cal. 43, 235 P. 1004, had the same question before it. The court there found that it was not the intent of the Legislature to create an assessment district to levy taxes of a special nature measured by benefit, but to establish quasi municipalities—cities with limited powers—to extend certain urban benefits to unincorporated territory. These political subdivisions were to be supported primarily by revenues paid by the users of the services furnished, and any taxes necessary to support them were to be general. Beyond a doubt the districts thus formed, and the resulting taxes, were for a public purpose and the general welfare. See, also, Morrison v. Smith Bros., 211 Cal. 36, 293 P. 53. The purpose of setting up general taxing units is thus conclusively established.

The court believes that in fact that purpose was effectuated. If Browning v. Hooper, supra, and Oregon Short Line R.

Co. v. Clark County Highway District (D. C.) 17 F.(2d) 125, were applicable, they would necessitate a ruling in favor of the plaintiff. But the subject-matter of the present controversy serves to adequately distinguish it from those two decisions.

A utility such as this is not a "local improvement" within the meaning of the Decatur definition of special assessments.

Quasi municipalities such as the Sacramento Utilities District, being in effect municipalities, come within the rule of Madera Waterworks v. Madera, supra, Jones v. Portland, supra, and Puget Sound P. & L. Co. v. Seattle. See State v. Thompson, 315 Mo. 56, 285 S.W. 57. Taxes levied by such districts or quasi municipalities are general, under the cases cited supra, unless levied in the form of special assessments, which is not the situation here.

Having reached this conclusion, it will be necessary to grant the defendant's motion to dismiss. The care with which the complaint has been drawn shows that it would be impossible for the plaintiff to amend it in any substantive manner, and for that reason, no leave to amend will be given. An order will be entered in accordance with these views.