KON v CITY OF ANN ARBOR

1. LICENSES—MUNICIPAL CORPORATIONS—TAXICABS.
   A municipal license prescribed for taxicabs gives no rights to the
   licensee other than the privilege of doing what is prohibited
   without such license.

2. MUNICIPAL CORPORATIONS—TRANSPORTATION SYSTEMS.
   The operation of a transportation system by a municipality is
   authorized by the mass transportation authorities act and may
   not be challenged by taxicab companies on the basis that their
   taxicab licenses give them a right to restrict competition
   (MCLA 124.351 *et seq.*).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 April 4, 1972, at Lansing. (Docket No. 12748.) Decided June 2, 1972.

Complaint by Masao Kon and others against the City of Ann Arbor, Ford Motor Company, and others to restrain defendants from establishing and operating "Dial-a-Ride", an experimental transportation system. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Crippen, Dever, Urquhart & Cmejrek,* for plaintiffs.

*Jerold Lax,* City Attorney, for defendants City of Ann Arbor and Ann Arbor Transportation Authority.

*Dennis R. Pollard,* for defendant Ford Motor Company.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 481.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

PER CURIAM. Plaintiffs appeal from the trial court's grant of summary judgment (GCR 1963, 117.2[1]) in favor of defendants. We affirm.

Plaintiffs are licensed by defendant city under its ordinance to operate taxicabs in the city. Under authority of the mass transportation authorities act (MCLA 124.351 *et seq.;* MSA 5.3475[1] *et seq.),* defendant city has instituted and operates an experimental transportation system known as "Dial-a-Ride". Plaintiffs' action sought to restrain defendants, individually or collectively, from establishing and operating "Dial-a-Ride".

On appeal, plaintiffs contend that "Dial-a-Ride" is subject to the city's taxicab ordinance; that plaintiffs are denied due process of law and equal protection of the law through the operation of "Dial-a-Ride" as proposed by defendants.

Chapter 85, article III, § 7:161 of the city's taxicab ordinance reads: "No *person* shall operate any taxicab in the city of Ann Arbor without first having obtained a certificate of public convenience and necessity from the board authorizing such operation." (Emphasis added.) The language of the ordinance precludes its application to defendant city, *United Railroads of San Francisco v City and County of San Francisco,* 249 US 517; 39 S Ct 361; 63 L Ed 739 (1919).

The basic premise from which plaintiffs advance their due process and equal protection arguments is rights they assume they have as licensees. We find that basic premise to be false. Defendant city has reasonable control of its streets, Const 1963,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

art 7, § 29. Plaintiffs have no right to use the streets without the consent of the city, *Melconian v Grand Rapids,* 218 Mich 397 (1922). The licenses plaintiffs rely on are nothing more than a privilege to do what is prohibited without such licenses, *C F Smith Co v Fitzgerald,* 270 Mich 659 (1935).

In establishing and operating "Dial-a-Ride", defendant city is doing what the mass transportation authorities act, *supra,* authorizes.

Affirmed but without costs.